RMR:PT
F.#2008R01893

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

MICHAEL McENROE,
RYAN GOSIN,
AL CASSIANO, JR.,
GLORIA ESPENAS,
IRVING SALZBERG and
BRIAN KLEIN,

          Defendants.

- - - - - - - - - - - - - - -X

I N D I C T M E N T

Cr. No. _____
(T. 18, U.S.C., §§ 1343, 1344,
1349, 1956(a)(1)(A)(i),
1956(a)(1)(B)(i), 1956(h),
982(a)(1), 982(a)(2)(B), 2
and 3551 et seq.; T. 21,
U.S.C., § 853(p))

THE GRAND JURY CHARGES:

INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I. The Defendants MICHAEL McENROE and RYAN GOSIN, and Their Companies

1. The defendants MICHAEL McENROE and RYAN GOSIN, together with others, operated a real estate business under various names, including Able Funding, Able Group, Able Development and Walmart Construction, with offices located at 2160 Hempstead Turnpike in East Meadow, New York and 2151 Marion Place in Baldwin, New York. MICHAEL McENROE and RYAN GOSIN also maintained bank accounts in various other corporate names,

including Planet Equity, McEnroe Enterprises, Sofstef and Denali Capital.

II. The Scheme to Defraud

2. The defendants MICHAEL McENROE and RYAN GOSIN, together with others, engaged in a scheme by which they recruited and/or used straw buyers with good credit scores to fraudulently obtain mortgage loans and/or pay prices that were inflated for residential properties that MICHAEL McENROE and RYAN GOSIN, or people associated with them, controlled. These properties were located in various municipalities in Nassau and Suffolk Counties, including but not limited to Merrick, East Islip and Valley Stream. Additionally, on at least two occasions MICHAEL McENROE fraudulently obtained mortgage loan proceeds by making false statements on mortgage applications, and then used those loan proceeds to purchase properties located in Middle Village, New York and Levittown, New York in his own name.

3. The straw buyers recruited and/or used by the defendants MICHAEL McENROE and RYAN GOSIN included, among others, the defendants BRIAN KLEIN and IRVING SALZBERG.

4. In order to recruit straw buyers, the defendants MICHAEL McENROE and RYAN GOSIN typically told the straw buyers one or more of the following things: (a) that MICHAEL McENROE and RYAN GOSIN had plans to buy a residential property in the straw buyer's name, renovate the property, and then sell it within a

2

year; (b) that MICHAEL McENROE and RYAN GOSIN could not purchase the property in their own names because they had credit problems, or because they already owned houses, and that it was not legal for them to own another property; (c) that MICHAEL McENROE and RYAN GOSIN would make all mortgage payments on behalf of the straw buyer; and (d) that MICHAEL McENROE and RYAN GOSIN would pay the straw buyer approximately $5,000 or $10,000 for the straw buyer's participation in the scheme.

5. Once a straw buyer agreed to purchase a property in his or her name, the straw buyer provided the defendants MICHAEL McENROE or RYAN GOSIN, or one of their employees, with the straw buyer's personal information, such as the straw buyer's social security number and date of birth. MICHAEL McENROE and RYAN GOSIN, or one of their employees who acted at their direction, then filled out a mortgage application form on behalf of the straw buyer. Subsequently, at the time MICHAEL McENROE and RYAN GOSIN, or an employee acting at their direction, first submitted the loan application form on the straw buyer's behalf, or at the time of the closing on the property, or on both of these occasions, the straw buyer signed the application form. The application forms created by MICHAEL McENROE and RYAN GOSIN, or one of their employees who acted at their direction, inflated the straw buyer's monthly earnings and often listed a false employer for the straw buyer. Additionally, an affidavit signed

by the straw buyer at the closing often falsely stated that the straw buyer intended to use the property to be purchased as his or her primary residence.

6. The defendants MICHAEL McENROE and RYAN GOSIN, or one of their employees acting at their direction, submitted this fraudulent mortgage application to a mortgage lender. After the mortgage lender received the fraudulent application, the mortgage lender often requested a Verification of Deposit ("VOD") from the straw buyer's bank, a Verification of Rent ("VOR") from the straw buyer's landlord and/or a Verification of Employment ("VOE") from the straw buyer's employer. Because the straw buyer had often been falsely described in the mortgage application as employed by an entity controlled by MICHAEL McENROE or RYAN GOSIN, such as McEnroe Enterprises or Walmart Construction, or had been falsely described as earning more money as an employee of one of those entities than the straw buyer actually did, MICHAEL McENROE and RYAN GOSIN enabled otherwise unqualified straw buyers to obtain mortgages notwithstanding the VOE requirement. McENROE and RYAN GOSIN often similarly enabled otherwise unqualified straw buyers to obtain mortgages notwithstanding the VOR requirement by listing a bogus landlord in a straw buyer's mortgage application.

7. In addition, in order to enable straw buyers who did not have sufficient funds in their bank accounts to satisfy the VOD requirement and qualify for mortgages, the defendants

MICHAEL McENROE and RYAN GOSIN often arranged for the defendant GLORIA ESPENAS, a Vice President at a JPMorgan Chase Bank branch in Nassau County, New York, to sign VODs on behalf of straw buyers in order to mislead the mortgage lender into believing that the straw buyer had greater liquid assets and net worth than the straw buyer actually had. ESPENAS created and signed such false VODs so they could be provided to the mortgage lenders.

8. If a straw buyer was to purchase a home that was already controlled by the defendants MICHAEL McENROE or RYAN GOSIN, or someone associated with them, MICHAEL McENROE and RYAN GOSIN often enlisted a corrupt licensed appraiser, such as the defendant AL CASSIANO, JR., to provide an inflated appraisal of the property in question. In particular, so as to inflate the value of a property he was appraising, CASSIANO, JR., stated in one appraisal that the property had a repaved driveway, when in fact such repaving had not occurred, and also misrepresented the condition of the landscaping, front porch stoop and bathrooms. The inflated appraisal was then provided to the mortgage lender in order to give the lender false comfort that the loan it was extending to the straw buyer was backed by sufficiently valuable collateral. CASSIANO, JR., was paid for the appraisals he provided, and also profited by selling a home he owned to a straw buyer who had been recruited by MICHAEL McENROE and RYAN GOSIN.

5

9.  After a straw buyer purchased a property at an inflated price, with an inflated mortgage, the previous mortgage loan was paid off with a portion of the fraudulently obtained mortgage loan proceeds, and the remainder of the loan proceeds were directed into accounts controlled by the defendants MICHAEL McENROE, RYAN GOSIN, and others associated with them.  In other instances in which MICHAEL McENROE or RYAN GOSIN had previously received money from the seller of a property that a straw buyer purchased, MICHAEL McENROE and RYAN GOSIN used the inflated profit from such a transaction as a means of repaying the seller.

10.  Subsequently, within a few months of the closings on properties purchased by straw buyers, MICHAEL McENROE and RYAN GOSIN stopped making mortgage payments on behalf of the straw buyers, leaving the straw buyers responsible for monthly mortgage payments they could not afford.  Mortgage lenders often then foreclosed on the properties, which they sold at a loss at auction or were unable to sell.  Other times, the mortgage lenders sustained losses when they permitted straw buyers to engage in "short sales" by which the straw buyers sold properties for less than the remaining sums owed on their mortgage loans.

11.  Based on the false and fraudulent statements, representations and promises made by and caused to be made by the defendants MICHAEL McENROE, RYAN GOSIN, and others with whom they conspired, financial institutions and mortgage lenders were

defrauded into issuing in excess of $4,900,000 in mortgage loans in connection with approximately nine different properties.

## COUNT ONE
(Conspiracy to Commit Bank Fraud and Wire Fraud)

12. The allegations contained in paragraphs 1 through 11 are realleged and incorporated as if fully set forth in this paragraph.

13. In or about and between August 2004 and June 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants MICHAEL McENROE, RYAN GOSIN, AL CASSIANO, JR., GLORIA ESPENAS, IRVING SALZBERG and BRIAN KLEIN, together with others, did knowingly and intentionally conspire: (a) to execute a scheme and artifice to defraud financial institutions, the deposits of which were insured by the Federal Deposit Insurance Corporation, to wit: First National Bank of Arizona and Fremont Investment & Loan, and to obtain moneys, funds, credits, assets and other property owned by, and under the custody and control of those financial institutions, by means of materially false and fraudulent pretenses, representations and promises, in violation of Title 18, United States Code, Section 1344; and (b) to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice did transmit and cause to be

transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## COUNTS TWO THROUGH SEVEN
(Wire Fraud)

14. The allegations contained in paragraphs 1 through 11 are realleged and incorporated as if fully set forth in this paragraph.

15. On or about the dates listed below, within the Eastern District of New York and elsewhere, the defendants listed below, together with others, did knowingly and intentionally devise a scheme and artifice to defraud the mortgage lenders listed below, and to obtain money and property from those mortgage lenders by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice did transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, to wit, instructions regarding the wire transfer of loan proceeds, as set forth below:

| Count | Defendants | Approximate Date | Victim Mortgage Lender | Approximate Amount of Wire Transfer |
|---|---|---|---|---|
| 2 | MICHAEL McENROE GLORIA ESPENAS | September 22, 2004 | Argent Mortgage Company | $475,000 |
| 3 | MICHAEL McENROE RYAN GOSIN GLORIA ESPENAS IRVING SALZBERG | September 29, 2004 | First Franklin Financial Corporation | $754,000 |
| 4 | MICHAEL McENROE RYAN GOSIN | September 30, 2004 | New Century Mortgage | $315,000 |
| 5 | MICHAEL McENROE RYAN GOSIN | November 15, 2004 | Argent Mortgage Company | $446,000 |
| 6 | MICHAEL McENROE RYAN GOSIN | December 21, 2004 | Long Beach Mortgage Company | $460,000 |
| 7 | MICHAEL McENROE RYAN GOSIN | March 25, 2005 | WMC Mortgage Corporation | $530,000 |

(Title 18, United States Code, Sections 1343, 2 and 3551 et seq.)

## COUNTS EIGHT THROUGH TEN
(Bank Fraud)

16. The allegations contained in paragraphs 1 through 11 are realleged and incorporated as if fully set forth in this paragraph.

17. On or about the dates listed below, within the Eastern District of New York and elsewhere, the defendants listed below, together with others, did knowingly and intentionally

9

execute and attempt to execute a scheme and artifice to defraud the financial institutions listed below, the deposits of which were insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets and other property owned by, and under the custody and control of those financial institutions, by means of materially false and fraudulent pretenses, representations and promises:

| Count | Defendants | Approximate Date | Victim Financial Institution |
|---|---|---|---|
| 8 | MICHAEL McENROE<br>RYAN GOSIN<br>GLORIA ESPENAS<br>IRVING SALZBERG | October 12, 2004 | First National Bank of Arizona |
| 9 | MICHAEL McENROE<br>RYAN GOSIN<br>BRIAN KLEIN | November 10, 2004 | Fremont Investment & Loan |
| 10 | MICHAEL McENROE<br>RYAN GOSIN<br>AL CASSIANO, JR.<br>GLORIA ESPENAS | December 28, 2004 | Fremont Investment & Loan |

(Title 18, United States Code, Sections 1344, 2 and 3551 et seq.)

## COUNT ELEVEN
(Conspiracy to Commit Money Laundering)

18. The allegations contained in paragraphs 1 through 11 are realleged and incorporated as if fully set forth in this paragraph.

19. In or about and between August 2004 and June 2005, both dates being approximate and inclusive, within the Eastern

District of New York and elsewhere, the defendants MICHAEL McENROE and RYAN GOSIN, together with others, did knowingly and intentionally conspire to conduct financial transactions affecting interstate and foreign commerce, which in fact involved the proceeds of specified unlawful activity, to wit: wire fraud, in violation of Title 18, United States Code, Section 1343, and bank fraud, in violation of Title 18, United States Code, Section 1344, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity (a) with the intent to promote the carrying on of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i), and (b) knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

### COUNTS TWELVE THROUGH SIXTEEN
(Money Laundering)

20. The allegations contained in paragraphs 1 through 11 are realleged and incorporated as if fully set forth in this paragraph.

21. On or about the dates listed below, within the Eastern District of New York and elsewhere, the defendants listed

below, together with others, did knowingly and intentionally conduct and attempt to conduct the financial transactions listed below affecting interstate and foreign commerce, which in fact involved the proceeds of specified unlawful activity, to wit: wire fraud, in violation of Title 18, United States Code, Section 1343, and bank fraud, in violation of Title 18, United States Code, Section 1344, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity (a) with the intent to promote the carrying on of the specified unlawful activity, and (b) knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of the specified unlawful activity:

| Count | Defendants | Approximate Date | Payment From | Payment To | Amount |
|---|---|---|---|---|---|
| 12 | MICHAEL McENROE RYAN GOSIN | December 22, 2004 | IOLA Account of Attorney Representing Long Beach Mortgage Company in Closing for Sale of Property at 174 Kingfisher Road, Levittown, New York | Commerce Bank Account of McEnroe Enterprises | $77,641 |
| 13 | MICHAEL McENROE RYAN GOSIN | December 22, 2004 | IOLA Account of Attorney Representing Long Beach Mortgage Company in Closing for Sale of Property at 174 Kingfisher Road, Levittown, New York | Commerce Bank Account of McEnroe Enterprises | $10,000 |

| Count | Defendants | Approximate Date | Payment From | Payment To | Amount |
|-------|------------|------------------|--------------|------------|--------|
| 14 | MICHAEL McENROE | December 23, 2004 | Commerce Bank Account of Able Group | IndyMac Bank | $2,169 |
| 15 | MICHAEL McENROE RYAN GOSIN | December 27, 2004 | Commerce Bank Account of Able Group | Ameriquest Mortgage Company | $6,357 |
| 16 | MICHAEL McENROE RYAN GOSIN | December 30, 2004 | Commerce Bank Account of Able Group | Defendant BRIAN KLEIN | $5,000 |

(Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION FOR COUNTS ONE THROUGH TEN

22. The United States hereby gives notice to the defendants charged in Counts One through Ten that, upon their conviction of any such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(2), which requires any person convicted of any such offenses to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offenses, including but not limited to a money judgment in a sum of money in U.S. Currency in an amount to be determined at trial equal to any property constituting or derived from proceeds obtained directly or indirectly as a result of such offenses, for which the defendants are jointly and severally liable.

23. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

13

       (a)   cannot be located upon the exercise of due diligence;

       (b)   has been transferred or sold to, or deposited with, a third party;

       (c)   has been placed beyond the jurisdiction of the court;

       (d)   has been substantially diminished in value; or

       (e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 982(a)(2)(B); Title 21, United States Code, Section 853(p))

### CRIMINAL FORFEITURE ALLEGATION FOR COUNTS ELEVEN THROUGH SIXTEEN

24. The United States hereby gives notice to the defendants charged in Counts Eleven through Sixteen that, upon their conviction of any such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), of all property involved in each offense of conviction in violation of Title 18, United States Code, Section

14

1956, or conspiracy to commit such offense, and all property traceable to such property, including but not limited to a money judgment in a sum of U.S. Currency in an amount to be determined at trial equal to all property involved in each offense of conviction in violation of Title 18, United States Code, Section 1956, or conspiracy to commit such offense, and all property traceable to such property, for which the defendants are jointly and severally liable.

     25.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

     (a)  cannot be located upon the exercise of due diligence;

     (b)  has been transferred or sold to, or deposited with, a third party;

     (c)  has been placed beyond the jurisdiction of the court;

     (d)  has been substantially diminished in value; or

     (e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any

other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 982(a)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
BENTON J. CAMPBELL
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

## INFORMATION SHEET

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

USAO# _F#2008R01893

1. Title of Case: __United States v. MICHAEL MCENROE, RYAN GOSIN, AL CASSIANO JR., GLORIA ESPENAS, IRVING SALZBERG and BRIAN KLEIN__

2. Related Magistrate Docket Number(s) _____

    None (x)

3. Arrest Date: __Planned November 19, 2008__

4. Nature of offense(s):  x  Felony
                          ☐  Misdemeanor

5. Related Civil or Criminal Cases - Title and Docket No(s). (Pursuant to Rule 50.3 of the Local E.D.N.Y. Division of Business Rules): __To be related to indictment separately handed up against Michael McEnroe, Al Cassiano and others, under the caption United States v. Robert Guerrero et al., F#2007R01658. This Robert Guerrero indictment will be handed up at the same time as the instant indictment.__

6. Projected Length of Trial:   Less than 6 weeks  (x)
                                More than 6 weeks  ( )

7. County in which crime was allegedly committed: __Queens__
   (Pursuant to Rule 50.1(d) of the Local E.D.N.Y. Division of Business Rules)

8. Has this indictment been ordered sealed?          (X) Yes  ( ) No

9. Have arrest warrants been ordered?                (X) Yes  ( ) No

10. Is a capital count included in the information?  ( ) Yes  (x) No

BENTON J. CAMPBELL
UNITED STATES ATTORNEY

By: _____
Paul Tuchmann
Raymond Tierney
Justin Lerer
Assistant U.S. Attorneys
(718) 254-6294